# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Julie Huff, <br><br> Plaintiff, <br><br> v. <br><br> City of Eufaula, Oklahoma, et al., <br><br> Defendants. | Case No. 18-CIV-022-RAW |

**ORDER**

Before the court are the following:

1. The Motion to Dismiss of City of Eufaula [Docket No. 25] ("Eufaula");

2. The Motion to Dismiss of Defendant Casey Torix[1] [Docket No. 46] ("Torix");

3. The Motion to Dismiss of Defendant Don Murray [Docket No. 47] ("Murray"); and,

4. The Motion for Adoption and Incorporation of Defendants' Motions to Dismiss as to the Second Amended Petition, filed by Eufaula, Murray and Torix [Docket No. 64].

This case was originally filed on January 17, 2018. Plaintiff's Amended Complaint was filed on June 1, 2018 [Docket No. 21]; Plaintiff's Second Amended Complaint was filed on August 31, 2018 [Docket No. 54].

---

1 Defendant Torix's name is incorrectly spelled on some pleadings.

1

**Motion for Adoption**

Defendants request the court to adopt the arguments contained in their earlier motions to dismiss and replies [Docket No. 64]. The motion for adoption is GRANTED.

**Second Amended Complaint**

Defendants argue that Plaintiff filed her Second Amended Complaint without leave of court. The court does not agree. In the Joint Status Report filed July 27, 2018, the report stated:

> A. Does counsel anticipate adding additional parties or amendment of pleadings? <u>Possibly, and would request until October 1, 2018 to add parties or amend pleadings.</u>

Docket No. 41. In the Scheduling Order entered on July 30, 2018 [Docket No. 42], the court set a deadline of September 1, 2018 for such amendment. The Second Amended Complaint was timely filed on August 31, 2018.

**Service of Process**

Rule 4 of the Federal Rules of Civil Procedure states as follows:

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Federal Rules of Civil Procedure, Rule 4(m).

**Service of Process – Murray and Torix**

Murray and Torix argue that Plaintiff's claims should be dismissed for of service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The complaint was filed on January 17, 2018; on April 19, 2018, the court entered an order directing Plaintiff

to show cause no later than May 1, 2018 as to why the case should not be dismissed for failure to prosecute [Docket No. 5]. On April 24, 2018, summonses were issued for the City of Eufaula and Kevin Ledbetter [Docket Nos. 6, 7]. Plaintiff filed a response to the order to show cause [Docket No. 9], stating various reasons for the delay in the case.

On July 19, 2018, Eufaula filed a Motion to Clarify the Docket Record [Docket No. 32], stating that the docket entry for the return of summons [Docket No. 11] incorrectly reflected service of process on Eufaula, Murray and Torix. At that time, no summonses had been issued to Murray and Torix, and they had not been served. The court granted the motion to clarify [Docket No. 35]. Summonses were issued to Murray and Torix on July 19, 2018 [Docket Nos. 33, 34]. Murray and Torix were served on July 23, 2018 [Docket Nos. 36, 37]. They were served <u>187 days</u> (6 months and 6 days) after the filing of the Complaint.

Plaintiff argues that Murray and Torix are "nominal defendants" that are named because the technicalities of a Section 1983 action require it. Murray and Torix are also represented by the same law firm as the City of Eufaula.

In Plaintiff's response to the court's order to show cause [Docket No. 9], Plaintiff provided sufficient explanation for the delay to that point in time. There has been no showing of good cause, however, for any further delay.

Rule 4 of the Federal Rules of Civil Procedure states that if a defendant is not served within ninety days, the court "on its own after notice to the plaintiff – <u>must</u> dismiss the action without prejudice…" In the instant case, good cause has not been shown for the six month delay in effecting service of process on Murray and Torix. Further, Plaintiff

3

has failed to show any reason for the court to exercise its "permissive discretion" to extend the time to effect service of process.

The Motion to Dismiss of Defendant Don Murray [Docket No. 47] is GRANTED.

The Motion to Dismiss of Defendant Casey Torix [Docket No. 46] is GRANTED.

**City of Eufaula**

Eufaula argues that Plaintiff's claims should be dismissed for failure of process and failure of service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The complaint was filed on January 17, 2018; Eufaula was served on April 28, 2018, which was nine days late.

Eufaula also argues that service was defective, in that Plaintiff served "Valarie Cox, City Clerk, Eufaula City Hall." [Docket No. 11]. The court believes a reasonable inference can be made that Plaintiff was serving the City of Eufaula by serving the City Clerk. *See McClellan v. Bd. of Cty. Comm'rs of Tulsa Cty.*, 261 F.R.D. 595, 604 (N.D. Okla. 2009) (Oklahoma law provides that … service may be made upon "a state, county, school district, public trust or municipal corporation or other governmental organization thereof subject to suit, by delivering a copy of the summons and of the petition to the ... chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of the organization.").

In her response to the court's order to show cause [Docket No. 9], Plaintiff stated various reasons why service was not timely effected. Those reasons included a severe and prolonged illness by Plaintiff's counsel. The court finds that Plaintiff showed good cause for the nine day delay of service of process. The court further finds that Eufaula was not

prejudiced by the short delay. Plaintiff's claims against this Defendant should be decided on the merits and not on procedural grounds.

## Analysis

The court will now address the merits of Eufaula's motion to dismiss. The court must accept as true all well-pleaded factual allegations in the complaint and view those allegations in the light most favorable to Plaintiff. *Nixon v. City and County of Denver,* 784 F.3d 1364, 1368 (10th Cir.2015). Plaintiff is not required to establish a prima facie case in his complaint, but is only required to allege enough factual allegations to set forth a plausible claim. *Pueblo of Jemez v. United States,* 790 F.3d 1143, 1172 (10th Cir.2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Defendants contend that Plaintiff has not met the applicable pleading standard. In general, "Rule 8(a)(2) still lives. . . Under Rule 8, specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *Pueblo of Jemez v. United States,* 790 F.3d 1143, 1172 (10th Cir.2015)(internal brackets omitted; quoting *Khalik v. United States,* 671 F.3d 1188, 1191-92 (10th Cir.2012)). On the other hand, complaints are not sufficient "that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *Khalik,* 671 F.3d at 1191.

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each

5

individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations . . . ." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247, 1248 (10th Cir. 2008) (emphasis in original). Otherwise, the complaint would fail to provide fair notice and to present a plausible right to relief.

Plaintiff has made sufficient allegations as to the pending claims against Eufaula. Additionally, questions of fact remain that may more appropriately be pled at the summary judgment phase.

## Conclusion

1. Defendants' Motion for Adoption [Docket No. 64] is GRANTED.

2. Defendant Eufaula's Motion to Dismiss [Docket No. 25] is DENIED.

3. Defendant Don Murray's Motion to Dismiss [Docket No. 47] is GRANTED.

4. Defendant Casey Torix's Motion to Dismiss [Docket No. 46] is GRANTED.

Dated this 19th day of December, 2018.

*Ronald A. White*

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA